I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL. POSTAGE PREPAID, TO ALL COUNSEL PTT (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 3-1-13

DEPUTY CLERK

*CV-69 also mailed.




# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RICKY LEWIS,

Petitioner,

vs.

A.M. GONZALEZ,

Respondent.

Case No. CV 13-1406-GW (RNB)

ORDER DISMISSING PETITION WITH LEAVE TO AMEND

The Court's review of the Petition for Writ of Habeas Corpus, filed herein on February 26, 2013, reveals that it suffers from the following deficiencies:

1. Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Here, it appears from the face of the Petition that petitioner is not challenging his underlying conviction or sentence. Rather, petitioner is challenging the outcome of certain prison disciplinary proceedings. Although petitioner conclusorily alleges in Ground One that the punishment imposed "will and has violated petitioner's liberty interest and subject[ed] him to an atypical hardship," he has not specified what the punishment was. Grounds One and Three of the Petition are not even framed as federal

constitutional claims. Moreover, although petitioner purports to be alleging a violation of his "U.S. and California Due Process Right" in Ground Two, any claim that his right to due process under California law was violated is not cognizable on federal habeas review. Further, the Supreme Court has held that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." See Wolff v. McDonald, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). As summarized by the Ninth Circuit in Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987), cert. denied, 487 U.S. 1207 (1988):

> "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and the reasons for disciplinary action. [citation omitted.] The inmate has a limited right to call witnesses and to present documentary evidence when permitting him to do so would not unduly threaten institutional safety and goals. [citation omitted.] Due process does not require that an informant's identity be revealed to an inmate. [citations omitted.] Findings that result in the loss of liberty will satisfy due process if there is some evidence which supports the decisions of the disciplinary board. [citations omitted.]"

Here, petitioner does not expressly allege in Ground Two a violation of any of the foregoing rights. Thus, it is unclear from petitioner's allegations whether he even has stated a federal due process claim upon which habeas relief may be granted.

2. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State or an exception to the exhaustion requirement applies. Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, it appears from the face of the Petition that petitioner may not have presented either of his grounds for relief to the California Supreme Court, and that the Petition therefore is subject to dismissal for failure to exhaust state remedies.[1]

//

//

[1] Petitioner's conclusory assertions to the effect that he believes exhaustion would be "futile" are insufficient to excuse the exhaustion of state remedies requirement.

For the foregoing reasons, the Petition is dismissed with leave to amend. If petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above on or before **April 2, 2013**. The clerk is directed to send petitioner's counsel a blank Central District habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each such claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 8 of the habeas petition form and not include any additional claims.) If petitioner contends that he exhausted his state remedies in a Petition for Review to the California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If petitioner contends that he exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other called for information. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result.

Finally, petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

DATED: March 1, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE